| **STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.** |
|---|
| **1** Valuation of Security   **0** Assumption of Executory Contract or Unexpired Lease   **1** Lien Avoidance |

Last Revised December 1, 2017

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

IN RE:                                                                                        Case No. **3:16-bk-20440**

                                                                                              Judge _____

**Campbell, Karen L.**
_____
                                    Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

**[X]** Original               **[ ]** Modified/Notice Required           Date: **January 18, 2018**

**[X]** Motions Included       **[ ]** Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

**[ ]** DOES **[X]** DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

**[ ]** DOES **[X]** DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

**[ ]** DOES **[X]** DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: MC          Initial Debtor: **KLC**          Initial Co-Debtor:

**Part 1: Payment and Length of Plan**

a. The debtor has paid $5,121.00 to date. The Debtor shall pay **$496.00** per **month** to the Chapter 13 Trustee, starting on **2/1/2018** for approximately **40** months.

b. The Debtor shall make plan payments to the Trustee from the following sources:
  [X] Future Earnings
  [ ] Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
  [ ] Sale of real property
    Description:
    Proposed date for completion: _____

  [ ] Refinance of real property
    Description:
    Proposed date for completion: _____

  [ ] Loan modification with respect to mortgage encumbering property
    Description:
    Proposed date for completion: _____

d. [ ] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. [ ] Other information that may be important relating to the payment and length of plan:

**Part 2: Adequate Protection [X] NONE**

a. Adequate protection payments will be made in the amount of $ **None** to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to _____ (creditor).

**Part 3: Priority Claims (Including Administrative Expenses)**

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Capone & Keefe, PC** | Administrative Expense | **1,750.00** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
**[X]** None
[ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| **None** | | | |

**Part 4: Secured Claims**

2

**a. Curing Default and Maintaining Payments on Principal Residence: [ ]NONE**

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **Anchorage Harbor Association** | 905 Schooner Dr, Toms River, NJ 08753-8166 | **$5,485.00** | **0.00%** | 5,485.00 | 300.00 |
| **U.S. Bank** | 905 Schooner Dr, Toms River, NJ 08753-8166 | **$6,793.39** | **0.00%** | 6,793.39 | 1,665.81 |
| **U.S. Bank** | 905 Schooner Dr, Toms River, NJ 08753-8166 | **\*\*Post petition arrears added to the plan $8,416.89** | **0.00%** | $8,416.89 | 1,665.81 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: [X] NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **None** | | | | | |

**c. Secured claims excluded from 11 U.S.C. 506: [X] NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments [X] NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled | Total | Superior | Value of | Annual | Total Amount to be |
|---|---|---|---|---|---|---|---|

3

| | | Debt | Collateral Value | Liens | Creditor Interest in Collateral | Interest Rate | Paid |
|---|---|---|---|---|---|---|---|
| **Ocwen Loan Servicing** | 905 Schooner Drive, Toms River, NJ 08753 | $51,187.00 | $185,124.00 | $185,124.00 | 0.00 | 0.00% | 0.00 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender [X] NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **None** | | | |

**f. Secured Claims Unaffected by the Plan [X] NONE**

The following secured claims are unaffected by the Plan:
**None**

**g. Secured Claims to Be Paid in Full Through the Plan [X] NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| **None** | | |

**Part 5: Unsecured Claims [ ] NONE**

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

    ___ Not less than $ _____ to be distributed *pro rata*
    **X** Not less than **0.00** percent
    ___ *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| **None** | | | |

**Part 6: Executory Contracts and Unexpired Leases [X] NONE**

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be | Nature of Contract or | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

|  | Cured in Plan | Lease |  |  |
|---|---|---|---|---|
| **None** | | | | |

## Part 7: Motions

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a. Motion to Avoid Liens under 11 U.S.C. Section 522(f). [ ] NONE**
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| **None** | | | | | | | |

**b. Motion to Void Liens and Reclassify Claim from Secured to Completely Unsecured. [X] NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| **Ocwen Loan Sevicing LLC** | 905 Schooner Dr, Toms River, NJ 08753-8166 | 51,187.00 | 185,124.00 | 185,124.00 | 0.00 | 51,186.00 |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. [ ] NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

  **X**  Upon Confirmation
  ___  Upon Discharge

**b. Payment Notices**

Creditors and Lessors provided for in Sections 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Trustee shall pay allowed claims in the following order:

1) **Trustee Commissions**
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

**d. Post-petition claims** The Trustee **[ ]** is, **[X]** is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9: Modification [X] NONE**

If this plan modifies a plan previously filed in this case, complete the information below.

Date of Plan being modified: __5/31/17__

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified. |
|---|---|
| Motion for Stay Relief was filed by US Bank. The Order Curing Post Petition arrears added the arrears to her plan. | Post petition mortgage arrears were added to the plan. |

Are Schedules I and J being filed simultaneously with this Modified Plan?  **[ ]** Yes  **[X]** No

**Part 10: Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

**[X]** NONE
**[ ]** Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 1/18/18        /s/Marc Capone
                     Attorney for the Debtor

Date: 1/18/18        /s/Karen Campbell
                     Debtor

Date:                
                     Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.
Date: **January 18, 2018**        */s/ Marc Capone*
                                  Attorney for the Debtor

6

I certify under penalty of perjury that the above is true.

Date: **January 18, 2018**         */s/ Karen L. Campbell*
                                   Debtor

Date: **January 18, 2018**         _____
                                   Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                 Case No. 16-20440-MBK
Karen L. Campbell                                                      Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 2              Date Rcvd: Jan 23, 2018
                              Form ID: pdf901          Total Noticed: 23

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 25, 2018.
db              Karen L. Campbell,    905 Schooner Dr,    Toms River, NJ  08753-8166
cr             +Specialized Loan Servicing LLC, as servicing agent,    C/O Buckley Madole, P.C.,
                 99 Wood Avenue South, Suite 803,    Iselin, NJ 08830-2713
cr             +Specialized Loan Servicing LLC, as servicing agent,    P.O. Box 9013,    Addison, TX 75001-9013
516389595       American Express Centurion Bank,    c/o Becket and Lee LLP,    PO Box 3001,
                 Malvern  PA 19355-0701
516206022       Anchorage Harbor Association,    990 Cedar Bridge Ave Ste B7,    Brick, NJ  08723-4157
516260797       Anchorage Harbor Association, Inc.,    c/o McGovern Legal Services, LLC,    PO Box 1111,
                 New Brunswick, NJ 08903-1111
516206023      #Bank of America,    NC4-105-03-14,    PO Box 26012,    Greensboro, NC  27420-6012
516206024       Bank of America Home Loans,    PO Box 982238,    El Paso, TX  79998-2238
516435367      +Bank of America, N.A.,    P O Box 982284,    El Paso, TX 79998-2284
516206025      +Celentano, Stadtmauer & Walentowicz,    1035 US Highway 46,    Clifton, NJ 07013-7481
516206026       Chase Card Services,    Attn: Correspondence Dept,    PO Box 15298,    Wilmington, DE  19850-5298
516206027       Commonwealth Financial Systems,    245 Main St,    Dickson City, PA  18519-1641
516206031       McGovern Legal Services,    PO Box 1111,    New Brunswick, NJ  08903-1111
516442149      +Specialized Loan Servicing LLC,    8742 Lucent Blvd, Suite 300,
                 Highlands Ranch, Colorado 80129-2386
516442150      +Specialized Loan Servicing LLC,    8742 Lucent Blvd, Suite 300,
                 Highlands Ranch, Colorado 80129,    Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
516222444      +The Bank of New York Mellon Trust Company,    Robertson, Anshutz, & Schneid, P.L.,
                 6409 Congress Avenue, Suite 100,    Boca Raton, FL 33487-2853
516320920       U.S. Bank National Association, as Trustee...,    c/o America's Servicing Company,
                 Attn: Default Document Processing,    MAC# N9286-01Y,    1000 Blue Gentian Road,
                 Eagan, MN 55121-7700
516206033       Verizon,    500 Technology Dr Ste 500,    Weldon Spring, MO  63304-2225
516206034       Wells Fargo Home Mtg (DBA) Americas Serv,    1000 Blue Gentian Rd # 300,    Eagan, MN  55121-1786

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jan 23 2018 23:38:40      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jan 23 2018 23:38:36      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
516206030       E-mail/Text: JSUMCbankruptcy@hackensackmeridian.org Jan 23 2018 23:39:14
                 Jersey Shore Univ Medical Center,    PO Box 416765,    Boston, MA  02241-6765
516206032       Fax: 407-737-5634 Jan 23 2018 23:59:01      Ocwen Loan Sevicing LLC,    Attn: Research Dept,
                 1661 Worthington Rd Ste 100,    West Palm Beach, FL  33409-6493
                                                                                              TOTAL: 4

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*             Anchorage Harbor Association, Inc.,    c/o McGovern Legal Services, LLC,    PO Box 1111,
                 New Brunswick, NJ  08903-1111
516222565*     +The Bank of New York Mellon Trust Company,    Robertson, Anshutz, & Schneid, P.L.,
                 6409 Congress Avenue, Suite 100,    Boca Raton, FL 33487-2853
516206028      ##Debt Recovery Solution,    Attention: Bankruptcy,    900 Merchants Concourse Ste Ll11,
                 Westbury, NY  11590-5121
516206029      ##Debt Recovery Solutions,    PO Box 9004,    Westbury, NY  11590-9004
                                                                                              TOTALS: 0, * 2, ## 2

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

```
District/off: 0312-3          User: admin              Page 2 of 2              Date Rcvd: Jan 23, 2018
                              Form ID: pdf901          Total Noticed: 23
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 25, 2018                                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 19, 2018 at the address(es) listed below:

```
          Albert   Russo    on behalf of Trustee Albert   Russo docs@russotrustee.com
          Albert   Russo    docs@russotrustee.com
          Denise E. Carlon    on behalf of Creditor   U.S. Bank National Association, as Trustee, successor
           in interest to Wachovia Bank, National Association, as Trustee for GSAA Home Equity Trust
           2005-14 dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
          Francesca Ann Arcure    on behalf of Creditor   Specialized Loan Servicing LLC, as servicing agent
           for GSAA Home Equity Trust 2005-14, U.S. Bank National Association, as Trustee, successor in
           interest to Wachovia Bank, National Association, as Trus nj_ecf_notices@buckleymadole.com,
           NJ_ECF_Notices@McCalla.com
          Kevin Gordon McDonald    on behalf of Creditor   U.S. Bank National Association, as Trustee,
           successor in interest to Wachovia Bank, National Association, as Trustee for GSAA Home Equity
           Trust 2005-14 kmcdonald@blankrome.com, bkgroup@kmllawgroup.com
          Marc C. Capone    on behalf of Debtor Karen L. Campbell mcapone@caponeandkeefe.com,
           docs@caponeandkeefe.com
          Marlena S. Diaz-Cobo    on behalf of Creditor   Anchorage Harbor Association, Inc.
           mdiaz-Cobo@theassociationlawyers.com
          Rebecca Ann Solarz    on behalf of Creditor   U.S. Bank National Association, as Trustee,
           successor in interest to Wachovia Bank, National Association, as Trustee for GSAA Home Equity
           Trust 2005-14 rsolarz@kmllawgroup.com
          William M.E. Powers    on behalf of Creditor   U.S. Bank National Association, as Trustee,
           successor in interest to Wachovia Bank, National Association, as Trustee for GSAA Home Equity
           Trust 2005-14 ecf@powerskirn.com
          William M.E. Powers, III    on behalf of Creditor   U.S. Bank National Association, as Trustee,
           successor in interest to Wachovia Bank, National Association, as Trustee for GSAA Home Equity
           Trust 2005-14 ecf@powerskirn.com
                                                                                              TOTAL: 10
```